Sid LYTLE *v.* ARKANSAS TRUCKING SERVICES and
Gibraltar National

CA 95-986 923 S.W.2d 292

Court of Appeals of Arkansas
Division II
Opinion delivered June 12, 1996

74

*The Whetstone Law Firm, P.A.*, by: *Robert H. Montgomery*, for appellant.

*Roberts Law Firm*, by: *Mike Roberts*, for appellees.

MELVIN MAYFIELD, Judge. Sid Lytle has appealed a decision of the Workers' Compensation Commission which held that he was not acting within the course of his employment when his automobile accident occurred and therefore his claim is not compensable.

The appellant, an over-the-road truck driver, testified that he was injured on July 3, 1992, when he topped a hill on I-20 outside Meridian, Mississippi, and came upon an accident that had already occurred. According to appellant's testimony, he was on his way from Center, Texas, to Metamora, Illinois, to deliver a load for his employer, the appellant. He said that he was scheduled to be in Metamora four days later; that he had an extra two-and-one-half days; and that he was making a side trip to visit friends when the accident occurred. After the visit, appellant planned to go to Metamora and unload.

Appellant testified the appellee is not a routed carrier, and he is paid a flat rate based upon the mileage for each trip. He said his job is to pick up a load on time; get it there on time by the easiest and best route; and that there are no set routes for him to take. He testified further that the shortest route from Center to Metamora is to take Highway 59 from Center to I-30, then to I-40, then to I-55 and then straight up to Metamora which is just outside of Peoria. He testified that he took that route on a previous trip to Metamora passing up I-20, but on this trip he deviated onto I-20 before reaching I-30 and was at least 100 miles out of route when he had the accident.

Mark Bottoms, appellee's dispatch supervisor at the time of the accident, testified that company policy is for the driver to take the shortest route from Point A to Point B; to stay within that route;

and to deliver to the destination. He said the appellee is a routed carrier which means you take the shortest route; that the carrier routes the driver; and that it gives him specific directions. He said the appellant deviated from his specific route on July 3, 1992, when he deviated onto I-20 to Meridian, Mississippi. Bottoms testified he gave the appellant the dispatch on July 3, and appellant did not tell him he was going to take time off to go to Meridian. He said it is the general practice for a driver who has excessive time to call and if there is something en route he wants to do or deviate, appellee is open to working with the driver.

Appellee's "Policies, Procedures and Agreement" states that all trucks are routed over specific routes and that a driver agrees to accept all dispatch as given with no deviation from destination or route specified.

On this evidence the law judge held appellant's injuries were not job related; that appellant was traveling away from his business route; and that his "clearly identifiable" personal side trip was a "substantial deviation" from his business trip and not in the course of his employment. The full Commission affirmed and adopted the law judge's decision.

Appellant argues his claim is compensable under the "dual purpose" doctrine because he was serving both a business and personal motive en route to Meridian.

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark* v. *Peabody Testing Service,* 265 Ark. 489, 579 S.W.2d 360 (1979).

The dual-purpose doctrine is set forth in 1 Larson, *The Law of Workmen's Compensation,* § 18.00 (1990) as follows:

> Injury during a trip which serves both a business and a personal purpose is within the course of employment if the trip involves the performance of a service for the employer which would have caused the trip to be taken by someone even if it had not coincided with the personal journey. This principle applies to out-of-town trips, to trips to and from work, and to miscellaneous errands such as visits to bars or

restaurants motivated in part by an intention to transact business there.

 Arkansas Courts have recognized the "dual purpose" trip doctrine. This rule was adopted by Arkansas in *Martin* v. *Lavender Radio & Supply, Inc.* 228 Ark. 85, 305 S.W.2d 845 (1957), which embraced the "dual purpose" trip doctrine as enunciated by Judge Cardozo in *Marks' Dependents* v. *Gray*, 251 N.Y. 90, 167 N.E. 181 (1929). Our supreme court held Judge Cardozo's reasoning to be persuasive and worthy of adoption and held:

> "The decisive test must be whether it is the employment or something else that has sent the traveler forth upon the journey or brought exposure to its perils. * * * We do not say that service to the employer must be the sole cause of the journey, but at least it must be a concurrent cause, * * *" and sufficient within itself to occasion the journey.

228 Ark. at 92, 305 S.W.2d at 849.

The dual-purpose doctrine is one exception to the "going and coming" rule, which generally precludes recovery for an injury sustained while an employee is going to or returning from his place of employment; and a determination that a trip falls within this exception does not end the inquiry but merely serves to label the trip as either business or personal; deviations from the main purpose require a separate inquiry. *See Day* v. *Central Day Care, Inc.*, 38 Ark. App. 241, 833 S.W.2d 783 (1992).

 As stated in 1 Larson, *The Law of Workmen's Compensation,* § 19.00 (1990):

> An identifiable deviation from a business trip for personal reasons takes the employee out of the course of his employment until he returns to the route of the business trip, unless the deviation is so small as to be disregarded as insubstantial.

Here appellant testified that he was making a side-trip to take time off; that he was on his way to visit a friend when the accident happened; that he left the route to Metamora by deviating onto I-20; and that he was at least 100 miles out of route when he had the accident.

■ We think there is substantial evidence to support the finding of the administrative law judge, which was adopted by the Commission, that the appellant's personal side-trip was a "substantial deviation" from his business trip and that appellant was "not in the course of his employment" when the accident occurred.

■ Appellant also argues that the "personal-comfort doctrine" applies. In 1A Larson, *The Law of Workmen's Compensation*, § 21.00 (1990), Professor Larson states:

> Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred, or unless, in some jurisdictions, the method chosen is so unusual and unreasonable that the conduct cannot be considered an incident of the employment.

Section 21.10, which analyzes the "personal comfort problem" discusses "such incidental acts as eating, drinking, sleeping, resting, washing, smoking, seeking fresh air, coolness or warmth."

■ In the case at bar, the law judge found that the appellant's deviation was "substantial" and we cannot say that this finding, adopted by the Commission, is not supported by substantial evidence. Therefore, we cannot hold that this deviation was for "such incidental" purposes as discussed by Larson.

Affirmed.

COOPER and STROUD, JJ., agree.