Tina HARDING *v.* CITY of TEXARKANA

CA 97-1511                                               970 S.W.2d 303

Court of Appeals of Arkansas
Division III
Opinion delivered May 27, 1998

*Patton, Tidwell, Sandefur & Paddock*, by: *Kelly Tidwell* and *William R. Patterson*, for appellants.

*J. Chris Bradley*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this workers' compensation case was employed by the appellee answering 911 emergency calls on the third floor of the Bi-State Justice Building in Texarkana. She was not allowed to smoke on the third floor, but there was a designated smoking area on the first floor. On March 11, 1997, she exited the elevator on the first floor on her way to the smoking area, tripped over a rolled-up carpet, and was injured. Appellee initially accepted the claim as compensable but later controverted the claim in its entirety. After a hearing, the Commission found that the claim was not compensable because appellant was not performing employment services when she was injured. From that decision, comes this appeal.

For reversal, appellant contends that the Commission erred in finding that she was not performing employment services when she was injured. We find no error, and we affirm.

■ Act 796 of 1993, which applies to all injuries occurring after July 1, 1993, requires the courts to construe its provisions strictly. Arkansas Code Annotated § 11-9-102(5)(B)(iii) (Supp. 1997), which is part of Act 796 of 1993, excludes from the definition of "compensable injury" any injury "which was inflicted upon the employee at a time when employment services were not being performed." An employee is performing "employment services" when he is engaged in the primary activity that he was hired to perform or in incidental activities that are inherently necessary for the performance of the primary activity. *See Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997).

■ ■ Appellant argues, on public-policy grounds, that her break advanced her employer's interest by allowing her to relax, which in turn helped her to work more efficiently throughout the rest of her work shift. We are not unsympathetic to this argument.

Under former law, the definition of compensable injury did not include a strict requirement that the injury occur while the worker was performing employment services, and a claimant's activities at the moment of injury were relevant only to the separate and broader question of whether the injury arose out of and in the course of the employment. *See id.* It is clear that, under former law, appellant's injury while en route to the break area would have been in the course of her employment pursuant to the personal-comfort doctrine. *See Lytle v. Arkansas Trucking Services,* 54 Ark. App. 73, 923 S.W.2d 292 (1996). It may be true that the interests of both workers and employers would be better served by a more uniform application of an administrative remedy than they would be by the uncertainty inherent in a tort claim based on premises liability. Nevertheless, the legislature, rather than the courts, is empowered to declare public policy, *Teague v. State,* 328 Ark. 724, 946 S.W.2d 670 (1997), and whether a law is good or bad, wise or unwise, is a question for the legislature, rather than the courts. *Longstreth v. Cook,* 215 Ark. 72, 220 S.W.2d 433 (1949). In the present case, Act 796 of 1993 applies and, although appellant's break may have indirectly advanced her employer's interests, it was not inherently necessary for the performance of the job she was hired to do. Consequently, we hold that the Commission did not err in finding that appellant was not performing employment services when she was injured.

■ Nor do we find merit in appellant's contention that the employer, by initially accepting the claim as compensable, waived the issue of whether appellant was performing employment services. Waiver is in most cases a question of fact, *see Bright v. Gass,* 38 Ark. App. 71, 831 S.W.2d 149 (1992), and neither the administrative law judge nor the Commission made any finding regarding waiver in the case at bar. We do not address issues raised for the first time on appeal. *Teague v. C & J Chemical Company,* 55 Ark. App. 335, 935 S.W.2d 605 (1996).

Affirmed.

ROBBINS, C.J. and JENNINGS, J., agree.