## Gudrun RAY *v.* UNIVERSITY of ARKANSAS

CA 98-1215                                              990 S.W.2d 558

Court of Appeals of Arkansas
Division I
Opinion delivered April 28, 1999

*Martin & Kieklak*, by: *Kenneth J. Kieklak*, for appellant.

*Nathan C. Culp*, for appellees.

WENDELL L. GRIFFEN, Judge. Gudrun Ray appeals the Workers' Compensation Commission's determination that her injury is not compensable, arguing that the decision is not supported by substantial evidence. The Commission found that Ray was not performing employment services at the time of her injury. We reverse and remand for an award of benefits.

Ray has worked for the University of Arkansas as a food-service worker for approximately eight years. Working in the cafeteria at the University of Arkansas, appellant was entitled to two unpaid thirty-minute breaks and two paid fifteen-minute breaks each day. On April 17, 1997, during one of her paid fifteen-

minute breaks, appellant slipped in a puddle of salad dressing as she was getting a snack from the cafeteria to eat during her break. Mary Carolyn Godfrey, Assistant Director for Dining Services, testified that the University provides free meals for cafeteria workers as inducement for the employees to remain on the premises. Godfrey stated that the workers' fifteen-minute breaks are occasionally interrupted if a student asks a worker for assistance. Godfrey testified that if a worker on break is approached by a student, the worker is required to leave her break and address the student's needs.

■ To qualify for workers' compensation benefits, appellant must satisfy the four requirements of Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1997). Arkansas Code Annotated section 11-9-102(5)(A) (Repl. 1997) defines "compensable injury" as "an accidental injury causing internal or external physical harm . . . arising out of and in the course of employment." The test for determining whether an employee is acting "within the course of employment" is whether the injury occurred "within time and space boundaries of employment, when the employee is carrying out employer's purpose or advancing employer's interests directly or indirectly." *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997).

■ On appellate review of workers' compensation cases, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Johnson v. Hux*, 28 Ark. App. 187, 772 S.W.2d 362 (1989). We should affirm the Commission's ruling if there is any substantial evidence to support the findings made. *Shaw v. Commercial Refrigeration*, 36 Ark. App. 76, 818 S.W.2d 589 (1991). It is the function of the Commission to determine the credibility of the witnesses and the weight to be given to their testimony. *Wade v. Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). From our review of the record, we should affirm the Commission if we can find any substantial evidence to support the findings made by the Commission. *Johnson, supra.*

■ When, as here, the Commission denies coverage because the claimant failed to meet her burden of proof, the sub-

stantial evidence standard of review requires that we affirm the Commission's decision if its opinion displays a substantial basis for the denial of relief. *McMillian v. U.S. Motors*, 59 Ark. App. 85, 953 S.W.2d 907 (1997); *see also Shaw, supra*. In determining the sufficiency of the evidence to sustain the findings of the Commission, we review the evidence in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence. *Weldon v. Pierce Bros. Constr.*, 54 Ark. App. 344, 925 S.W.2d 179 (1996). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Fort Smith v. Brooks*, 40 Ark. App. 120, 842 S.W.2d 463 (1992). The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case *de novo*. *Tyson Foods, Inc. v. Disheroon*, 26 Ark. App. 145, 761 S.W.2d 617 (1988).

The Commission found appellant was not performing "employment services" at the time of her injury, stating that this finding took into consideration the fact that appellant was paid for her fifteen-minute break and was required to leave her break to help students, with obvious benefit to the University. The Commission found it compelling that appellant was reaching for an apple for personal consumption when she slipped and fell and was not assisting student diners or "otherwise benefitting the employer." We hold that appellant was performing employment services at the time she was injured based on the fact that appellant was paid for her fifteen-minute breaks and was required to assist student diners if the need arose. Appellant's employer gleaned benefit from appellant being present and required to aid students on her break. We find *Harding v. City of Texarkana*, 62 Ark. App. 137, 970 S.W.2d 303 (1998), distinguishable. In *Harding*, an employee was injured when she tripped over rolled-up carpet as she exited an elevator on her way to a smoking area. Harding argued that her employer gained the benefit of her being more relaxed, which in turn helped her to work more efficiently throughout the rest of her work shift. In denying benefits, we

held that an employee is performing "employment services" when engaged in the primary activity that he was hired to perform or in incidental activities that are inherently necessary for the performance of the primary activity. *Id.* We stated that "although appellant's break may have indirectly advanced her employer's interests, it was not inherently necessary for the performance of the job she was hired to do." *Harding*, 62 Ark. App. at 139, 970 S.W.2d at 304.

Unlike the employer in *Harding*, the University of Arkansas required Ray to be available to work during her break and paid her for the time she was on break, presumably because she was required to help students. The University of Arkansas was clearly benefitted by Ray's being in the cafeteria and available for students during her paid break. The benefit was not tangential as in *Harding*, but was directly related to the job that Ray performed and for which she was paid. In distinguishing *Harding*, we specifically note that, unlike the break in *Harding*, the appellee employer in this case furnished food for its resting employees and paid for the break to induce them to be available to serve students even during the break period.

When a claimant is doing something that is generally required by his or her employer, the claimant is providing employment services. *See Shults v. Pulaski County Special Sch. Dist.*, 63 Ark. App. 171, 976 S.W.2d 399 (1998). In *Shults*, we found that the claimant who was employed as school custodian and was injured when he fell upon entering employer's premises sustained a compensable, work-related injury. This finding was based on the fact that part of his job duties included disabling the school alarm system upon entering the building and on the fact that the injury occurred after the claimant saw that the alarm was already disabled and attempted to enter the building quickly to investigate. *Id.* We specifically addressed the Commission's statement that "merely entering upon the premises of one's employer was not sufficient to bring one within the employment services provision of Act 796." *Shults*, 63 Ark. App. at 173, 976 S.W.2d at 401. We stated that the claimant's "duty was an activity that carried out the employer's purpose or advanced the employer's interests, and therefore constitutes employment services." *Id.* at 174, 976

S.W.2d at 401. Similarly appellant Ray was performing a duty that advanced appellee's interests. Just as it was not dispositive whether or not the alarm system had already been disarmed on the day of the accident in *Schults, supra*, it is not dispositive whether appellant was, at the specific time of her injury, assisting a student.

■ Whether an employer requires an employee to do something has been dispositive of whether that activity constituted employment services in a number of cases. For example, in *Coble v. Modern Business Systems*, 62 Ark. App. 26, 966 S.W.2d 938 (1998), we held that absent evidence that the claimant was required or expected by her employer to replace hosiery during the workday, in the event of a run in her hosiery, there was substantial evidence to support the finding that she was not performing "employment services" at the time of her automobile accident, which occurred while she was returning from a trip to the mall during her lunch break in an attempt to replace pantyhose containing a large run. Conversely, in *Fisher v. Poole Truck Line*, 57 Ark. App. 268, 944 S.W.2d 853 (1997), we held that the claimant was performing employment services when he traveled from his employer's premises to retake a required urine test and was injured on his return trip. Our holding was based on the fact that the claimant was *required* by the employer to take the urine test. Thus, it is clear that when an employer requires an employee to be available for work duties, the employee is performing employment services.

■ There is not a substantial basis for the denial of benefits. Although she was on a break, Ray was required to be available to help students and was paid for her time. Ray was providing employment services despite the fact that her fall occurred when she was going to get an apple for herself during a paid break rather than going to serve a student.

Reversed and remanded.

BIRD and MEADS, JJ., agree.