2011 Ark. App. 396

**Sheryl HAYNES, Appellant**

v.

**OZARK GUIDANCE CENTER, INC., and Risk Management Resources, Appellees.**

**No. CA 11–41.**

Court of Appeals of Arkansas.

June 1, 2011.

James Edward Evans Jr., Springdale, for appellant.

Rebecca Dawn Hattabaugh and James A. Arnold, Fort Smith, for appellees.

LARRY D. VAUGHT, Chief Judge.

Sheryl Haynes appeals the decision of the Arkansas Workers' Compensation Commission finding that she failed to prove a compensable injury to her right knee. She contends that there is a lack of substantial evidence supporting the Commission's decision that she was not performing employment services at the time she suffered the injury. We affirm.

The facts in this case are not in dispute. Haynes was employed with the Ozark Guidance Center, a mental-health-care facility. Her duties included receiving telephone calls and interviewing clients to determine what services Ozark Guidance could provide. On June 6, 2008, Haynes decided to take a break outside where she could smoke a cigarette. As she walked down a hall toward the back exit, she passed the office of co-employee Brenda Hodges,[1] who asked if she could talk to Haynes about a DWI class that Haynes was teaching for Ozark Guidance the following Saturday. Haynes said that she was on her way outside for a smoke break but invited Hodges to join her. Both Haynes and Hodges testified that it was their intent during Haynes's smoke break to discuss preparations for the Saturday class. As Haynes opened the door and stepped down with her right leg, she heard a pop and felt immediate pain in her right knee. Although Hodges was following Haynes, Hodges did not see the incident. However, she did note that Haynes was in pain once they both arrived at the designated smoking location. The conversation about the DWI class never occurred because Haynes left almost immediately to

report the injury to her supervisor and to seek medical attention.[2]

Based on these facts, the administrative law judge found that Haynes's knee injury occurred while she was performing employment services and awarded benefits. In reaching this conclusion, the ALJ specifically found that the injury occurred during work hours on Ozark Guidance's premises and that the evidence undisputedly showed that Haynes was expected to perform services that benefited the employer during that particular time.

The Commission reversed the ALJ decision and denied benefits to Haynes, finding that she was not performing employment services at the time of the injury. In its decision, the Commission noted that the work-related conversation never occurred and that there was no evidence that the work discussion was required to take place outside. The Commission further stated,

In the case before us, the claimant was injured on her way to take her smoke break. There was nothing required by her employer about where she had to take the break. She traveled to a further location than was necessary to take her break. The claimant was not engaged in a work-related conversation with Ms. Hodges at the time she was injured. That conversation had not begun nor did it ever take place before she was injured. There is nothing about the claimant's job duties that required her to be on call during her break. Further, it is simply speculation and conjecture to conclude that an anticipated work-related conversation was going to take place

---

1. Hodges was a supervisor at Ozark Guidance, but not Haynes's supervisor.

2. Haynes received medical treatment for her injury on the day she sustained it, and several weeks later she had surgery on her right knee. She returned to work a few weeks after the surgery; however, within a month or two, her knee pain returned, and she was forced to quit her job at Ozark Guidance. Thereafter, her treating physician issued a two-percent-impairment rating to her lower right extremity.

and, therefore, the injury would be compensable.

Haynes timely appealed from the Commission's decision. The sole issue on appeal is whether Haynes was performing employment services at the time of her injury.

In appeals involving claims for workers' compensation, we view the evidence in the light most favorable to the Commission's decision and affirm that decision if it is supported by substantial evidence. *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 375, 284 S.W.3d 57, 60 (2008). Substantial evidence exists if reasonable minds could reach the Commission's conclusion. *Id.* at 375, 284 S.W.3d at 60. The issue is not whether the appellate court might have reached a different result from that of the Commission, but whether reasonable minds could reach the result found by the Commission. *Id.*, 284 S.W.3d at 60. If so, the appellate court must affirm the Commission's decision. *Id.*, 284 S.W.3d at 60.

Act 796 defines a compensable injury as "[a]n accidental injury . . . arising out of and in the course of employment." Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp. 2009). A compensable injury does not include an "[i]njury which was inflicted upon the employee at a time when employment services were not being performed." Ark. Code Ann. § 11–9–102(4)(B)(iii) (Supp. 2009). Act 796 fails, however, to define the phrase "in the course of employment" or the term "employment services." *Texarkana Sch. Dist.*, 373 Ark. at 376, 284 S.W.3d at 61. Thus, it falls to the court to define these terms in a manner that neither broadens nor narrows the scope of Act 796. *Id.*, 284 S.W.3d at 61.

Our supreme court has held that an employee is performing "employment services" when he or she "is doing something that is generally required by his or her employer." *Id.*, 284 S.W.3d at 61 (citations omitted). We use the same test to determine whether an employee was performing employment services as we do when determining whether an employee was acting within the course of employment. *Id.*, 284 S.W.3d at 61. Specifically, it has been held that the test is whether the injury occurred "within the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly." *Id.* at 376–77, 284 S.W.3d at 61. The critical inquiry is whether the interests of the employer were being directly or indirectly advanced by the employee at the time of the injury. *Id.* at 377, 284 S.W.3d at 61. Moreover, the issue of whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. *Id.*, 284 S.W.3d at 61.

Haynes argues that she sustained her injury while performing employment services because the injury occurred on her employer's premises, during her regular work hours, while she was taking a paid and sanctioned break during which she intended to discuss a work matter with another employee. For support she relies upon the holdings in *White v. Georgia–Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999), and *Ray v. University of Arkansas*, 66 Ark.App. 177, 990 S.W.2d 558 (1999), where injuries during breaks were held to be compensable because the employer's interests were advanced by the employee while taking his or her break.

It has been held that when an employee is doing something that is generally required by his or her employer, then the claimant is providing employment services. *Ray*, 66 Ark.App. at 181, 990 S.W.2d at 561. In *Ray*, our court held that a food-service employee, who slipped and fell

while getting a snack during one of her paid breaks, was performing employment services at the time because she was required to come off her break in order to assist students. 66 Ark.App. at 182, 990 S.W.2d at 562. Likewise, in *White,* our supreme court held that injuries sustained by an employee while on a smoke break were compensable because the employee was required to monitor his work area during the break. 339 Ark. at 480, 6 S.W.3d at 102. Common to both *White* and *Ray* is the fact that the employees in those cases were required by their employers to be available to perform a service that advanced the ₆employers' interests during their breaks. This is not a fact common to the instant case. Therefore, we hold that *White* and *Ray* do not support Haynes's point on appeal.

There are, however, cases that support the Commission's finding that Haynes was not performing employment services: *Hill v. LDA Leasing, Inc.,* 2010 Ark. App. 271, 374 S.W.3d 268 (holding that a truck driver, who left his truck at the loading dock and was injured while operating a vending machine, was not performing employment services; the truck driver at the time of his fall in the break room was not in a position to perform any of the duties required of him by his employer); *McKinney v. Trane Co.,* 84 Ark.App. 424, 143 S.W.3d 581 (2004) (affirming the Commission's finding that an employee who was injured when he jumped over tube-sheet buckets to get a soda on his way to a smoke break was not performing employment services; holding that the employer gleaned no benefit from the employee's activities on break); *Smith v. City of Fort Smith,* 84 Ark.App. 430, 143 S.W.3d 593 (2004) (affirming the Commission's finding that a dump-truck driver, who hauled gravel waste, was not performing employment services when, while still on the clock, he injured himself loading gravel

into his personal dump truck—a permitted activity; we rejected the employee's argument that his actions directly benefited his employer, holding that the activity must also be inherently necessary for the performance of his primary job); and *Harding v. City of Texarkana,* 62 Ark.App. 137, 970 S.W.2d 303 (1998) (holding that a 911 operator, who was injured on her way to a smoke break when she tripped over a rolled-up carpet, was not performing employment services because the break was not inherently necessary for the performance of the job she was hired to do).

₇In *Hill, McKinney, Smith,* and *Harding,* the critical question was whether substantial evidence supported the Commission's denial of benefits based upon its finding that the employee was not doing anything at the time of her injury to advance the employer's interests and not doing anything inherently necessary for the performance of the employee's primary job. In each case, the Commission's denial of benefits was affirmed by our court because there was substantial evidence to support the denial.

Applying that case law and the applicable standard of review, we reach the same conclusion in the case at bar. When Haynes injured herself, she was merely walking outside to take a smoke break. As noted by the Commission, Ozark Guidance imposed no work requirements on Haynes while she took her breaks. She was not required to take her break in a certain location so that she would remain near her work station. She was not required, during her break, to be available or "on call" so that she would be able to return to work midway through a break to perform her job duties of answering the phone or interviewing clients if that need arose. She was not required to monitor the phones or her office while on break. As further noted by the Commission, on

the occasion in question, Haynes traveled to the farthest break location to take her break, establishing that she was not required to work during her breaks.

Haynes argues that her intent to visit with Hodges about a work matter during her break is evidence that she was performing employment services at the time of her injury. But the facts are undisputed that Haynes was not engaged in a work-related conversation with Hodges at the time she was injured. That conversation never occurred. Rather, the facts establish that Haynes injured herself as she set off to engage in a personal preference (taking a smoke break) instead of performing employment services (visiting with Hodges about the weekend class), which would have benefited Ozark Guidance. Accordingly, we hold that the Commission's decision that Haynes was not performing employment services at the time of her injury is supported by substantial evidence.

We feel compelled to acknowledge our supreme court's recent opinion, *Jonesboro Care & Rehab Ctr. v. Woods*, 2010 Ark. 482, 2010 WL 5059566, which was handed down after the Commission issued its decision in the case at bar. In *Woods*, the Commission expressly found that the employee was indirectly advancing her employer's interest at the time of her injury based on its findings that she attended a mandatory seminar on her day off; that she was compensated for her time; that she was instructed to stand in line and wait for her paycheck and fill out medical documents; that while she was waiting in line she decided to step outside for a smoke break; and that as she returned to the line in the seminar room she was injured. *Jonesboro Care*, 2010 Ark. 482, at 6, 2010 WL 5059566. In affirming the Commission's award, the supreme court specifically noted that although it might

have reached a different conclusion, it was mindful of the standard of review in appeals from the Commission. *Id.* at 7.

In the instant case, we must apply the same standard of review and affirm the Commission if substantial evidence supports its findings and where a reasonably minded person could reach the same result. As stated above, the Commission expressly found that Haynes was not advancing the interests of her employer at the time of her injury. Substantial evidence supports that decision.

Affirmed.

PITTMAN and WYNNE, JJ., agree.