

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CV–13–636

| | |
|---|---|
| NORMA NESS<br><br>APPELLANT | **Opinion Delivered** February 12, 2014 |
| V.<br><br>FORT SMITH PUBLIC SCHOOL DISTRICT<br><br>APPELLEE | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G109129]<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant appeals from the Arkansas Workers' Compensation Commission's (Commission) opinion, reversing the administrative law judge's opinion, and finding that appellant failed to prove by a preponderance of the evidence that she was performing employment services at the time of her slip-and-fall accident on October 27, 2011. Appellant's sole point on appeal is that the Commission erred in its finding that appellant was not performing employment services at the time of her accidental injuries and in denying and dismissing her claim for benefits attributable to these injuries for that reason. We affirm.

Appellant was employed by appellee, had been so employed for eighteen years, and is still employed by appellee. She worked as both a school bus driver and a paraprofessional. On October 27, 2011, appellant fell and injured her right leg and shoulder shortly after entering the bus parking lot at appellee's service center. She asserted that her injuries were compensable, alleging that they were sustained while she was

SLIP OPINION

performing employment services. Appellee denied the claim, contending that appellant was not performing employment services at the time of the injury.

Following a hearing before the Commission on August 27, 2012, the administrative law judge (ALJ) issued an opinion on November 20, 2012, finding that appellant was engaged in employment services when she fell and injured her right shoulder and leg on October 27, 2011. Having found so, the ALJ awarded benefits to appellant. The appellee timely appealed.

On May 6, 2013, the Full Commission issued an opinion finding that the appellant failed to prove she was providing employment services at the time of her accidental injuries on October 27, 2011. It found that her injuries, therefore, were not compensable. Accordingly, the Full Commission reversed the ALJ's decision and dismissed appellant's claim in its entirety. This timely appeal followed.

In reviewing a decision of the Workers' Compensation Commission, an appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirms those findings if they are supported by substantial evidence, which is evidence a reasonable person might accept as adequate to support a conclusion.[1] The issue on appeal is not whether there is evidence that could support a different finding.[2] It is exclusively within the province of the

---

[1]*Walker v. United Cerebral Palsy of Ark.s*, 2013 Ark. App. 153, at 3, ___ S.W.3d ___ (citing *Johnson v. Latex Constr. Co.*, 94 Ark. App. 431, 232 S.W.3d 504 (2006)).

[2]*Id.* (citing *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999)).

SLIP OPINION

Commission to determine the credibility and the weight to be accorded to each witness's testimony.[3]

In order for an accidental injury to be compensable, it must arise out of and in the course of employment.[4] A compensable injury does not include an "[i]njury which was inflicted upon the employee at a time when employment services were not being performed."[5] The Arkansas Workers' Compensation Act fails, however, to define the phrase "in the course of employment" or the term "employment services."[6] Thus, it falls to the court to define these terms in a manner that neither broadens nor narrows the scope of the Act.[7]

Our supreme court has held that an employee is performing "employment services" when he or she "is doing something that is generally required by his or her employer."[8] We use the same test to determine whether an employee was performing employment services as we do when determining whether an employee was acting within

---

[3]*Hudak-Lee v. Baxter Cty. Reg'l Hosp.*, 2011 Ark. 31, at 5, 378 S.W.3d 77, 80 (citing *Honeysuckle v. Curtis H. Stout, Inc.*, 2010 Ark. 328, 368 S.W.3d 64).

[4]*Id.* at 6, 378 S.W.3d at 80 (citing Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2009)).

[5]*Haynes v. Ozark Guidance Ctr., Inc.*, 2011 Ark. App. 396, at 4, 384 S.W.3d 570, 572 (citing Ark. Code Ann. § 11-9-102(4)(B)(iii) (Supp. 2009)).

[6]*Id.* (citing *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 376, 284 S.W.3d 57, 61 (2008)).

[7]*Id.*

[8]*Wood v. Wendy's Old Fashioned Hamburgers*, 2010 Ark. App. 307, at 4, 374 S.W.3d 785, 788 (citing *Texarkana Sch. Dist.*, 373 Ark. at 376, 284 S.W.3d at 61).

SLIP OPINION

the course of employment.[9] Specifically, it has been held that the test is whether the injury occurred "within the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly."[10] Moreover, the issue of whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case.[11]

Because the only issue in this case is whether there is substantial evidence to support the Commission's decision, and the Full Commission's opinion adequately explains why it reversed the ALJ and dismissed appellant's claim, we affirm by memorandum opinion under subsections (a) and (b) of *In re Memorandum Opinions*.[12]

Affirmed.

GLADWIN, C.J., and WOOD, J., agree.

*Michael L. Ellig*, for appellant.

*Ledbetter, Cogbill, Arnold & Harrison, LLP*, by: *James A. Arnold, II*, for appellee.

---

[9]*Id.*

[10]*Id.* (citing *Texarkana Sch. Dist.*, 373 Ark. at 376–77, 284 S.W.3d at 61).

[11]*Hudak-Lee*, 2011 Ark. 31, at 5, 378 S.W.3d at 80 (citing *Texarkana Sch. Dist.*, 373 Ark. at 377, 284 S.W.3d at 66).

[12]16 Ark. App. 301, 700 S.W.2d 63 (1985)