

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV–14–246

|  |  |
|---|---|
| RALPH TREZZA<br><br>APPELLANT<br><br>V.<br><br>USA TRUCK INC.<br><br>APPELLEE | **Opinion Delivered** October 22, 2014<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G300761]<br><br><br>AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Ralph Trezza appeals the decision of the Arkansas Workers' Compensation Commission that he failed to prove a compensable injury because he was not performing employment services at the time of his injury. The sole issue on appeal is whether substantial evidence supports the Commission's decision. We affirm.

Appellant was a truck driver for appellee USA Truck. He testified in a hearing before the administrative law judge (ALJ) that on October 22, 2011, he injured his right ankle at appellee's West Memphis terminal. Appellant testified that he parked his truck at the terminal at about 9:45 a.m., made a change in his logbook from "driving" to "off-duty," and got out to go to the bathroom. Appellant said that he stumbled or stepped incorrectly, which caused his ankle to "bend over" and him to fall. Appellant eventually continued inside to the bathroom, and he then called his friend and fellow truck driver, Roger Jaggers, and his dispatcher, Brandon Hudson, and told them about his injury.

Appellant did not want to see a doctor at that point because he was hoping his ankle was merely sprained. Appellant said that he stayed with his truck all day at the terminal and spent the night in his truck. He said he was responsible for his truck at all times, but he was not required to sit with his truck. He was on a "thirty-four hour restart," which meant he was restarting his clock for the number of hours he could drive in a week; thus, he was not going to perform any job functions for at least thirty-four hours after going off-duty at 9:45 the morning of his injury. Appellant said that he stayed with his truck on October 23 and drove it to a Mexican restaurant next to the terminal that night. He said that his truck had already been disconnected from his trailer for work on a tire issue. Appellant said that if he wanted to he could stay in a hotel room, but appellee did not pay for one so he slept in his truck.

The ALJ found that appellant sustained a compensable injury and awarded temporary total-disability benefits and medical expenses. USA Truck appealed to the Commission, which reversed the decision of the ALJ and denied and dismissed the claim. The Commission determined that appellant did not prove by a preponderance of the evidence that he had sustained a compensable injury because he was not performing employment services at the time of the alleged injury. The Commission noted that appellant had changed his status to "off-duty," had completed his employment services for the day, and did not intend to perform any more job functions that day. The Commission found that, at the time of the accident, he was not doing anything required by his employer or carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. Appellant now appeals



the Commission's decision.

When reviewing a decision of the Workers' Compensation Commission, the court of appeals views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Cook v. ABF Freight Sys., Inc.*, 88 Ark. App. 86, 194 S.W.3d 794 (2004). This court must affirm the decision of the Commission if it is supported by substantial evidence. *Id.* Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion of the Commission. *Id.* The issue on appeal is not whether the appellate court might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, the appellate court must affirm its decision. *Id.*

A compensable injury includes an accidental injury causing internal or external physical harm to the body arising out of and in the course of employment and which requires medical services or results in disability or death. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A compensable injury does not include an injury which was inflicted upon the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). The supreme court has interpreted the term "employment services" as performance of something that is generally required by an employer. *Cook*, *supra.* We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Id.* The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose

 

or advancing the employer's interest directly or indirectly. *Id*.

Appellant argues that at the time of his injury he was performing a variety of tasks that were directly or indirectly advancing his employer's interest. First, he contends that his supervision of his truck at the terminal advanced appellee's interest because the truck could have been damaged during the time he was not driving it and he would be held responsible if anything happened to it. He also claims that he advanced appellee's interest by stopping at the terminal because maintenance was performed on his trailer while he was there. Lastly, he contends that he was benefiting appellee by taking his mandated thirty-four restart so that he could continue driving for appellee.

In *Cook*, *supra*, Cook drove a fixed overnight route from Little Rock to Dallas for ABF, and due to a required eight-hour rest break, he was not permitted to return to Little Rock until the next day. ABF made motel reservations for its drivers and paid for the rooms, although drivers were not required to stay at the motel. Drivers were expected to be "on call," but they were not on the clock and could leave the motel. Cook stayed the night at the motel and was injured the following morning as he was turning on the light in the motel bathroom. This court affirmed the Commission's finding that Cook was not performing employment services at the time of his injury. We held that Cook's entry into the bathroom to attend to his own personal needs did not arise within the course of employment because he was off the clock and taking a mandated eight-hour overnight rest break.

Here, appellant's work day had ended when he was injured because he had logged "off-duty" and did not intend to perform any further job functions for thirty-four hours.

4

Appellant was not taking a necessary bathroom break so that he could return to his work duties; instead, he was off work and not required to do anything. Although he was responsible for his truck being secure, he was not required to sit with or sleep in his truck. Furthermore, although appellant testified that his truck had been disconnected from his trailer for maintenance purposes before the evening of October 23, there was no evidence that this occurred around the time of his injury. Viewing the evidence in the light most favorable to the findings of the Commission, we hold that reasonable minds could reach the Commission's conclusion that appellant failed to prove his injury arose in the course of his employment.

Appellant also argues that he should be considered a "residential employee" of his truck, and as such, he was performing employment services at the time of his injury by virtue of his presence on the premises. Appellant cites *Jivan v. Economy Inn & Suites*, 370 Ark. 414, 260 S.W.3d 281 (2007), but that case is distinguishable because appellant was not required to live in his truck and was not always "on call." Appellant also cites *Toia v. HTI Logistics*, 100 Ark. App. 314, 268 S.W.3d 334 (2007), where a truck driver was injured climbing back into his truck to retire for the night because he could not deliver his load until the following morning. We held that Toia had returned to the "premises" of his employment, his truck, when he was checking his truck and then climbing back in. Here, however, appellant's injury did not occur in his truck and was not related to sleeping in his truck. We hold that substantial evidence supports the Commission's decision that appellant failed to prove he was injured in the course of his employment.

Affirmed.



PITTMAN and HIXSON, JJ., agree.

*Frye Law Firm, P.A.*, by: *William C. Frye*, for appellant.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *R. Scott Zuerker*, for appellee.