SLIP OPINION

Cite as 2015 Ark. App. 163

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–14–740

| | | |
|---|---|---|
| STEPHANIE GANUS | | **Opinion Delivered** March 11, 2015 |
| APPELLANT | | |
| | | APPEAL FROM THE ARKANSAS |
| V. | | WORKERS' COMPENSATION |
| | | COMMISSION |
| ST. BERNARD'S HOSPITAL, LLC, | | [NO. G308350] |
| EMPLOYER; RISK MANAGEMENT | | |
| RESOURCES, CARRIER | | |
| APPELLEES | | AFFIRMED |

**ROBERT J. GLADWIN, Chief Judge**

Stephanie Ganus appeals the August 4, 2014 opinion of the Arkansas Workers' Compensation Commission finding that she failed to prove that her injury arose out of and in the course of her employment. On appeal, she argues that the Commission misapplied the law. We affirm.

Appellant testified that she worked as a registered nurse in the cath lab for appellee St. Bernard's Hospital, LLC. Her duties included the pre-op and post-op of patients who had cardiac stents. She worked twelve-hour shifts, and her work involved lifting heavy people onto stretchers. She claimed that she had no physical limitations preventing her from performing her regular job duties before the incident at issue. She admitted that she was involved in a car wreck in 1994 that resulted in right-knee surgery, and she claimed that she had recovered from that surgery and was able to do all of her job duties in the cath lab.

SLIP OPINION

Appellant explained that the lab employees take breaks when they can and that they normally do not clock out for lunch unless they leave the premises. Employees' paychecks are automatically deducted thirty minutes for lunch. If employees do not leave the premises, they make sure their patients are stable and tell a co-worker that they are taking a lunch break. She testified that when employees go on a break or to lunch, they are not completely relieved of their job duties because they must always represent St. Bernard's. She asserted that if someone in the hallway needed help or was lost, or if trash needed picking up, the employee was expected to take care of it. She said that it was required that the employee must escort whoever might be asking for directions. Further, she said that she was subject to being called back to her unit if she were on break or at lunch. She explained that the "Committed to Excellence Pledge" required that employees always acknowledge their patients, customers, and visitors.

On September 17, 2013, she had a patient in bad shape, and it took extensive care for him to become stable. She decided that it was okay to take a break at 12:30 p.m. and told a co-worker that she was going to run downstairs, grab something to eat, and bring it back. Her co-worker agreed to monitor the patient. Appellant did not clock out. When appellant left to go to the cafeteria, Larinda Lynch, a patient-care technician in the cath lab, went along. As appellant stepped onto the elevator, she tripped and fell. She injured her right knee and could not stand up. When the elevator opened on the first floor, an employee was there with an empty wheelchair. Appellant was helped into the wheelchair and taken to the

emergency room. A four-view x-ray of her right knee revealed a fracture. She was sent home, and she testified that she had not been back to work since that day.

After being referred to several doctors, appellant had an ACL repair on her right knee performed on December 17, 2013. Her condition improved somewhat, but she continued to walk with a limp, had a lot of pain and swelling, and participated in physical therapy three times a week. She claimed that she could not return to being on her feet eight-to-twelve hours a day. She was still under a doctor's care and was taking hydrocodone for pain. She said that she could not perform her RN duties while taking hydrocodone.

On cross-examination, appellant stated that she was not going to discharge a job duty when she walked onto the elevator on her way to get lunch that day. She also said that the employee handbook stated that during meal periods, it was anticipated that employees would be completely relieved of their work responsibilities.

Larinda Lynch testified that she recalled taking a break on September 17, 2013, in order to go to lunch with appellant. She said that they left the cath lab and walked down to the elevators. She said that the floor of the elevator did not meet the floor of the hospital, and appellant caught her foot on the gap and fell into the elevator, hitting her knee. She said that they did not usually clock out for lunch and that the time was docked from their pay. She reiterated appellant's testimony that employees were expected to assist patients at all times and that they were to keep trash and spills cleaned. She stated that neither of them were engaged in any job-related tasks at the time that appellant was injured and that they were both going to lunch.

SLIP OPINION

After appellant requested workers' compensation benefits and was denied her claim, a hearing was conducted, and the administrative law judge (ALJ) received the testimony as set forth above and reviewed the medical reports. The ALJ determined that appellant sustained an injury to her right knee arising out of and in the course of her employment that rendered her temporarily totally disabled for the period commencing September 18, 2013, until the end of her healing period, a time yet to be determined. Appellees filed a notice of appeal to the Full Commission, which reversed the ALJ's decision. The Commission held that appellant failed to prove that she was performing employment services at the time of her injury, finding as follows:

> In the present claim, the claimant was going to retrieve her own lunch from the cafeteria downstairs when she tripped and fell. The record shows that she was permitted a thirty minute lunch each day, and that her pay was automatically docked for that time whether she took lunch or not. And, while the testimony of Ms. Lynch corroborated the claimant's testimony that, as representatives of the respondent-employer, nurses were expected to assist patients and/or visitors any time the need arose, the claimant was assisting no one at the time of her accident. Furthermore, the claimant admitted that she was not in possession of any patient charts, notes, or other work materials at the time of the accident. Further, the claimant agreed that the employee handbook, which she acknowledged and signed, specifically stated that employees on their thirty minute lunch break were "completely relieved" of their work responsibilities. Furthermore, the claimant's testimony, as corroborated by the record, shows that the claimant was free to leave the premises during her lunch time if she so chose. Finally, although the claimant had been one-on-one with a critical patient prior to her lunch break, that patient was left under the supervision of another nurse at the time of the claimant's injury. Clearly, at the time of her accident the claimant was not engaged in any activity that benefitted her employer, either directly or indirectly, nor did her actions advance the employer's interests in any way. Rather, the particular facts of this claim show that the claimant was beginning her lunch break when she tripped and fell on the way to the cafeteria to retrieve her own lunch. Therefore, we find that the claimant has failed to prove by a preponderance of the evidence that she was performing employment services at the time she was injured.

SLIP OPINION

Appellant filed a timely notice of appeal, arguing that the Commission incorrectly applied the law to the undisputed facts of this case. When reviewing a decision of the Workers' Compensation Commission, this court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission. *Trezza v. USA Truck Inc.*, 2014 Ark. App. 555, 445 S.W.3d 521. This court must affirm the decision of the Commission if it is supported by substantial evidence. *Id*. Substantial evidence is that evidence which a reasonable mind might accept as adequate to support a conclusion of the Commission. *Id*. The issue on appeal is not whether the appellate court might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, the appellate court must affirm its decision. *Id*.

A compensable injury includes an accidental injury causing internal or external physical harm to the body arising out of and in the course of employment and which requires medical services or results in disability or death. Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). A compensable injury does not include an injury which was inflicted upon the employee at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). The supreme court has interpreted the term "employment services" as performance of something that is generally required by an employer. *Cook v. ABF Freight Sys., Inc.*, 88 Ark. App. 86, 89, 194 S.W.3d 794, 796 (2004). We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Id*. The

test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest directly or indirectly. *Id.*

Appellant contends that the facts are undisputed. She first claims that the fact she was not engaged in assisting a patient or visitor, carrying files, picking up trash, or cleaning up a spill while on a break is not dispositive of whether she was performing employment services. She cites *Texarkana School District v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008), and *Ray v. University of Arkansas*, 66 Ark. App. 177, 990 S.W.2d 558 (1999), as directly on point.

In *Texarkana School District*, the claimant worked for the district as a janitor and broke his leg while opening a locked gate upon his return from his lunch break. *Texarkana Sch. Dist.*, 373 Ark. at 373–74, 284 S.W.3d at 59. The Commission found that the injury occurred while the claimant was advancing his employer's interests. *Id.* This court reversed the Commission, and our supreme court was presented with a petition for review. *Id.* In affirming the Commission's decision, the supreme court reasoned as follows:

> It is axiomatic that questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Cedar Chem.* [*Co. v. Knight*], 372 Ark. 233, 273 S.W.3d 473 [(2008)]. As such, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony. *Id.*; *Arbaugh v. AG Processing, Inc.*, 360 Ark. 491, 202 S.W.3d 519 (2005). Here, there was no testimony presented to contradict that of Conner's that he was on call once he returned to the District's premises, and the Commission found him to be a credible witness. Moreover, the evidence demonstrated that the main entrance to this particular lot was blocked. In attempting to unlock the gate and provide access to the back entrance, Conner was advancing his employer's interests by allowing other employees to enter or exit this parking lot, even if he was the only employee attempting to access the lot at the exact time of his accident. Accordingly, we must affirm the Commission's decision as reasonable minds could have reached the same conclusion as that of the Commission.

*Texarkana Sch. Dist.*, 373 Ark. at 377–78, 284 S.W.3d at 61–62.

In *Ray*, *supra*, the claimant was a food-service worker for the university and was on a paid fifteen-minute break when she slipped as she was getting a snack from the cafeteria to eat during her break. *Ray*, 66 Ark. App. at 177–79, 990 S.W.2d at 559–60. This court overturned the Commission's denial of benefits, holding that the claimant was performing employment services at the time she was injured based on the fact that she was paid for her fifteen-minute breaks and was required to assist students if the need arose; thus, the employer gleaned benefit from the claimant's being present and required to aid students on her break. *Id*. We noted that the employer furnished food for its resting employees and paid for the break to induce them to be available to serve students even during the break period. *Id*. We concluded that it is clear when an employer requires an employee to be available for work duties, the employee is performing employment services. *Id*.

Appellant argues that she was subject to being called back to her unit if there were a problem with her patient during the lunch hour. She contends, therefore, that appellee received a benefit from her presence and availability. She maintains that, even though she was not engaged in assisting a patient or visitor or picking up trash at the time of her injury, there was no basis to conclude that she was not performing employment services.

Next, appellant claims that the Commission's finding that she was "completely relieved" of her work responsibilities during her lunch break was erroneous. She contends that the handbook stated that employees "may be entitled" to a thirty-minute lunch break

SLIP OPINION

and that "it is anticipated that employees will be completely relieved of their work responsibilities" during this period. She argues that this language indicates that employees might get a lunch break during which they do not have to be available for work duties. She further contends that the policy was never followed.

In contrast, she claims that the policy always followed was the Committed to Excellence Pledge, which was based on the premise that employees were to always help patients and visitors and exhibit a Christ-like attitude. Appellant further maintains that her unrebutted testimony, and that of Larinda Lynch, was that employees were never completely relieved of all job duties, even while on break or at lunch.

She contends that the fact that her lunch break was "unpaid" is of no consequence, citing *Hudak-Lee v. Baxter County Regional Hospital*, 2011 Ark. 31, 278 S.W.3d 77. There, our supreme court stated that an injury is compensable even when an employee was on break or had not yet clocked in as long as the employee was performing employment services at the time the injury occurred. *Id.*

Appellant also claims that it was irrelevant that she could have left the premises for lunch, as she did not leave on the date of the injury. Finally, appellant argues that simply because she was temporarily relieved of some of her job duties when she left the patient in another nurse's care does not mean that she was relieved of all of her job duties. She contends that she was expected to perform, or be available to perform, certain tasks at any time that she was on the premises.

We agree with appellees' contention that, even though there may be evidence that could support a finding different than the Commission's, such is not a proper basis for reversal. *See Haynes v. Ozark Guidance Ctr., Inc.*, 2011 Ark. App. 396, 384 S.W.3d 570 (where this court affirmed the Commission's finding that employment services were not being performed, discussing case law and the applicable standard of review). The evidence noted by the Commission was that appellant was on a personal errand to retrieve food for her own benefit. The employee handbook provided that an employee should be considered to be "completely relieved" of her work responsibilities while on break. And appellant specifically left her patient in the hands of another employee before she went to retrieve her lunch. Based on these considerations and being bound by the standard of review, we hold that a reasonably minded person could reach the same result as the Commission. Accordingly, we affirm.

Affirmed.

KINARD and BROWN, JJ., agree.

*M. Keith Wren*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellees.