

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–17–91

| | |
|---|---|
| | **Opinion Delivered:** October 4, 2017 |
| RANDY GRANTHAM<br>APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS<br>WORKERS' COMPENSATION<br>COMMISSION<br>[NO. G505008] |
| HORNBECK AGRICULTURAL GROUP,<br>LLC, AG-COMP SIF CLAIMS, AND<br>DEATH & PERMANENT TOTAL<br>DISABILITY TRUST FUND | |
| APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Randy Grantham appeals the decision of the Arkansas Workers' Compensation Commission (Commission) finding that he failed to establish that he sustained a compensable back injury while working for appellee Hornbeck Agricultural Group, LLC (Hornbeck). On appeal, Grantham argues that the Commission's decision was not supported by substantial evidence. We affirm.

Grantham began working for Hornbeck in July 2007, processing soybeans. He was promoted to a general manager in 2011 and supervised three other employees. At the hearing before the ALJ, Grantham testified that he injured his back on October 16, 2013, while placing an auger. He described the accident as follows:

> On that day, we had a soybean crush facility, which was not really designed to store grain in, but Jon and them had it sitting idle, so we had a company in and change

some piping so we could take grain out the side of the building. We had to put an auger underneath a drop pipe that came down, and we were placing that auger that morning, and I had the two Mexican boys, and we put a tarpaulin under it to catch any splash grain that came out the sides, and then they pulled it back to where my feet were. I just was holding it in, and it backed up, and they scooted it back a little bit more, and I backed up a little bit more and I sat it down and when [I] set it on the ground, something popped in my back. I do not know. I was sort of bent over forward at the time.

. . . .

I picked up about fifty or sixty pounds when my back hurt. It was not an extreme amount of weight. I got into a backward position when I backed my feet up, and it was not a normal position since my hands were extended in front of me. When this happened, my pain was about belt high when it popped, and I have still got the same pain that started with so I do not know what it is, and it felt high in the back. I felt pain go down my left leg and then it started getting more numb. The pain went down the back of my leg, outside my calf and into my foot. I have what they call drop foot, and my left leg is numb, and my ankle is weak. When it occurred, I backed up and went to the scale room. I was working with two Mexican national workers who are Alejandro and Jose, and I did not show them that I was hurt. I have talked with them lately. When I got to the office, I sat in the chair in the scale room and tried to figure out what was hurting so bad and why, and I could not sit. I sat there for a few hours and went home and lay down in bed, took some Tylenol and went to bed.

He stated that he received a text message later that day from Jon Hornbeck, the manager, informing him that Jeff was about to start hauling corn again. He testified he responded to Jon, saying, "I will contact Tim, and I have pulled something in my lower back. Burleson who is my local doctor cannot get me in until tomorrow."

Grantham presented to his primary physician, Dr. Stanley Burleson, on October 17, 2013, with complaints of significant back pain and left–leg numbness. Dr. Burleson noted that Grantham had acute back pain and scheduled him for an MRI. The MRI, taken on November 27, 2013, revealed (1) multilevel disc degeneration with annular tears through midline without disc extrusion and (2) foraminal stenosis which appears most significant at

L4–5. It was noted that the MRI only "partially visualized L1 vertebral body." Dr. Burleson referred Grantham to Dr. Scott Schlesinger.

Grantham was seen by Dr. Schlesinger on December 9, 2013, and informed Dr. Schlesinger that he had had "a mild pain in his lower back for several years but it worsened in 11/2013 while he was lifting a heavy object at work. He was in a car accident in the 1970s which has caused some back pain on and off over the years." Dr. Schlesinger reviewed the MRI of Grantham's back and noted the following abnormalities: (1) moderately-severe degenerative changes, L3-4, L4–5, L5-S1; (2) mild-moderate neural foramen stenosis L4–5, L5-S1 bilaterally; (3) mild-moderate lateral recess stenosis from the mid part of L4 to the mid part of L5 bilaterally, left worse than right; and (4) moderately-severe lateral recess stenosis from the mid part of L5 to the mid part of L5 on the left. Dr. Schlesinger ordered x-rays of Grantham's back, which revealed moderate degenerative findings throughout the lumbar spine. Grantham was diagnosed with leg pain, low-back pain, lumbar spine stenosis, lumbar degenerative disc disease, and hyperreflexia. Dr. Schlesinger recommended epidural steroid injections and physical therapy. Grantham received the injections but subsequently complained to Dr. Burleson that the injections provided him with no relief. A physical-therapy note dated December 8, 2013, stated that Grantham reported that his injury "is not workers comp." Dr. Schlesinger noted on January 17, 2014, that Grantham had recurring back pain but that it worsened in November 2013 and had gotten progressively worse with time. Dr. Schlesinger opined,

> Although the accident/injury did not or may or may not have caused the actual radiological findings. I believe with a reasonable degree of medical certainty (greater than 50%), that based upon the patient's history the current complaints are a result of the injury. The injury seems to have caused the onset of symptoms even if the

radiological findings were already present based upon the sequence of events and the historical information provided by the patient.

Grantham subsequently underwent three back surgeries.[1]  On November 4, 2015, Dr. Burleson wrote a letter in which he opined that Grantham was "totally disabled" and that no further intervention was warranted due to the failed back surgeries and chronic pain in Grantham's back.  Grantham continued to work for Hornbeck during this time and remained a salaried employee until the company closed in February 2015, at which time Grantham received two weeks' severance pay.  He filed a workers'-compensation claim concerning the injury on July 13, 2015.  Up until that point, he had paid for his medical treatment with health insurance provided through Hornbeck.  Grantham's claim was denied, and he filed a complaint with the administrative law judge (ALJ) seeking benefits.

A hearing took place on February 26, 2016.  Grantham filed a motion to supplement the record on March 7, 2016.  Hornbeck objected to the motion.  The ALJ sustained Hornbeck's objection in a letter dated March 18, 2016.  The ALJ filed an opinion on May 17, 2016, finding that Grantham had failed to prove that he suffered a compensable injury. The opinion stated in pertinent part:

> In this case, the claimant had a long standing history of back symptoms and chronic degenerative changes.  In order for the claimant to establish an aggravation of a preexisting condition, a traumatic injury must first be identified.  Pearline Williams v. L & W Janitorial, Inc., 85 Ark. App. 1, 145 S.W.3d 383 (2004).  Dr. Schlesinger's report of January 17, 2014, does not identify the traumatic injury that was aggravated or combined with the pre-existing condition.  And the use of the wording "did not or may or may not" is insufficient to establish causation.  Crudup v. Regal Ware, Inc., 341 Ark. 804, 20 S.W.3d 900 (2000), Frances v. Gaylord Container Corp., 341 Ark. 527, 20 S.W.3d 280 (2000).  Therefore, it is unclear if the treatment prescribed

---

[1]January 23, 2014, April 8, 2014, and August 6, 2014.

was for a traumatic injury or pre-existing condition. Treatment for stenosis caused by degeneration would not be considered a traumatic injury.

. . . .

2. The claimant has failed to prove by a preponderance of the credible evidence that he sustained a compensable injury, caused by a specific incident, arising out of and in the course of his employment which produced physical bodily harm, supported by objective findings, requiring medical treatment or producing disability, pursuant to Ark. Code Ann. § 11-9-102. The claimant has also failed to prove that an injury supported by objective findings aggravated or combined with a pre-existing condition based on Dr. Schlesinger's report of January 17, 2014.

Grantham appealed to the Commission, which adopted and affirmed the ALJ's opinion. He timely appeals the Commission's decision. He argues that the Commission's decision is not supported by substantial evidence.

In reviewing decisions from the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings.[2] When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief.[3] The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission; if so, the appellate court must affirm.[4] Questions concerning the credibility of witnesses and the

---

[2]*Ganus v. St. Bernard's Hosp., LLC*, 2015 Ark. App. 163, 457 S.W.3d 683.

[3]*Willis v. Great Dane Trailers*, 2014 Ark. App. 547, 444 S.W.3d 423.

[4]*Id.*

weight to be given to their testimony are within the exclusive province of the Commission.[5] Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision.[6]

To prove a compensable injury as a result of a specific incident that is identifiable by time and place of occurrence, the claimant must establish by a preponderance of the evidence (1) an injury arising out of and in the course of employment; (2) that the injury caused internal or external harm to the body that required medical services or resulted in disability or death; (3) medical evidence supported by objective findings, as defined in Arkansas Code Annotated section 11-9-102(16),[7] establishing the injury; and (4) that the injury was caused by a specific incident identifiable by time and place of occurrence.[8] For purposes of workers'-compensation law, an employer takes the employee as it finds him, and an aggravation of a preexisting noncompensable condition by a compensable injury is, itself, compensable.[9]

The Commission, by adopting the ALJ's opinion, found that Grantham failed to prove through credible evidence that the injury caused internal or external harm to the body that required medical services or resulted in disability. It also found that he failed to prove

---

[5]*Cedar Chem. Co. v. Knight*, 372 Ark. 233, 273 S.W.3d 473 (2008).

[6]*Mack-Reynolds Appraisal Co. v. Morton*, 2010 Ark. App. 142, 375 S.W.3d 6.

[7](Repl. 2012).

[8]Ark. Code Ann. § 11-9-102(4)(A)(i).

[9]*Jackson v. O'Reilly Auto., Inc.*, 2013 Ark. App. 755.

an aggravation of a preexisting injury. In denying Grantham's claim for benefits, the Commission focused on Dr. Schlesinger's medical note of January 17, 2014, giving significant weight to his statement that, "Although the accident/injury did not or may or may not have caused the actual radiological findings." It is the Commission's duty to weigh the medical evidence.[10] In this case, the Commission assigned much weight to the statement above and little weight to the statements that followed. We hold that substantial evidence supports the Commission's finding that Grantham failed to prove physical bodily harm, supported by objective findings, requiring medical treatment or producing disability.[11]

Affirmed.

GRUBER, C.J., and WHITEAKER, J., agree.

*Brent Baber* and *Robert S. Tschiemer*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Phillip M. Brick, Jr.*, for appellees Hornbeck Agricultural Group, LLP, and AG–Comp SIF Claims.

---

[10]*Loar v. Cooper Tire & Rubber Co.*, 2014 Ark. App. 240.

[11]Although Grantham includes several subpoints in his argument, we do not address them because they have no bearing on the issue of compensability under the specific facts of this case.