MIKE MURPHY, Judge
Appellant P.A.M. Transport, Inc. (P.A.M.), appeals from the June 19, 2017 opinion of the Arkansas Workers' Compensation Commission (Commission) that ruled appellee David Eason sustained a compensable injury. The full Commission's opinion reversed the opinion of the administrative law judge (ALJ) who ruled Eason failed to prove a compensable injury. P.A.M.'s sole argument on appeal is that the Commission's decision is not supported by substantial evidence. We affirm.
Eason worked for P.A.M. as a truck driver in training. On the day of the incident, Eason was riding with his mentor, Robert Flippo. They pulled into a truck stop at approximately 10:26 a.m. to wait out an extended delay of twenty hours before they could pick up the next load. Upon arriving at the truck stop, Eason changed his driver log to "off duty" at 10:42 a.m. Before making a personal call, Flippo informed Eason that they would be practicing the difficult task of backing up the truck later that day and that Eason should use the time until then to study for a necessary work-related test taken at the end of training. Flippo testified that he did not like letting trainees wander too far from the vehicle, so he told Eason to stay at least within walking distance. According to Eason, he studied for approximately twenty minutes before he decided to put up his phone so he would not be distracted. While putting his phone on his top bunk, he fell and injured his left leg. Eason testified that to get to his bunk he had to climb two stairs up and then get "[his] left leg up over the top of the mattress and so *310 [he was] on that last step with [his] right leg." He explained that his sleeping bag was on top of the mattress, which caused him to slip, lose his grip, and fall backwards onto the floor of the cab of the truck. Eason had immediate pain in his left leg.
After Eason had fallen, Flippo called the employer to explain what happened, and it was decided that Flippo would drive Eason to a nearby motel so that Eason's father could come pick him up and take him to get medical treatment. Once back in his hometown, Eason was initially evaluated at an urgent-care facility that immediately referred him to the emergency room where he had surgery on his left knee and femur on April 10, 2016.
After a hearing, the ALJ found that Eason failed to prove he sustained a compensable injury. Eason appealed to the Commission; whereupon the full Commission found that Eason proved he sustained a compensable injury that arose out of and in the course of his employment. Further, the Commission found that Eason was entitled to temporary total-disability benefits from April 6 through July 11, 2016; that his injury was not idiopathic; and that his injury was not connected to any alleged preexisting condition. P.A.M. now appeals, arguing that the full Commission erred in finding that substantial evidence supports the conclusion that Eason sustained a compensable left-leg injury while working for P.A.M. and that the decision should be reversed.
The standard of review in workers'-compensation cases is well settled. On appeal, this court views the evidence in the light most favorable to the Commission's decision and affirms the decision if it is supported by substantial evidence. Schall v. Univ. of Ark. for Med. Scis. , 2017 Ark. App. 50, at 2, 510 S.W.3d 302, 303. Substantial evidence exists if reasonable minds could reach the Commission's conclusion. Id. The issue is not whether the appellate court might have reached a different result from the Commission but whether reasonable minds could reach the result found by the Commission: if so, the appellate court must affirm. Id.
Additionally, the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. Webster v. Ark. Dep't of Corr. , 2017 Ark. App. 558, at 3, 537 S.W.3d 731, 734. Thus, we are foreclosed from determining the credibility and weight to be accorded to each witness's testimony, and we defer to the Commission's authority to disregard the testimony of any witness, even a claimant, as not credible. Id. When there are contradictions in the evidence, it is within the Commission's province to reconcile conflicting evidence and determine the facts. Id.
A compensable injury is defined as "an accidental injury causing internal or external physical harm to the body ... arising out of and in the course of employment." Ark. Code Ann. § 11-9-102(4)(A)(i). Here, the primary issue is whether Eason's injury arose out of and in the course of his employment with P.A.M.
An employee is performing employment services when he or she is doing something that is generally required by his or her employer. Webster , 2017 Ark. App. 558, at 4, 537 S.W.3d 731, 734-35. We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. Pifer v. Single Source Transp. , 347 Ark. 851, 69 S.W.3d 1 (2002). The test is whether the injury occurred within the time and space boundaries of the employment when the employee was carrying out the employer's *311 purpose or advancing the employer's interest, either directly or indirectly. Id. Moreover, whether an employee was performing employment services within the course of employment depends on the particular facts and circumstances of each case. Id.
On appeal, P.A.M. contends that substantial evidence does not support the Commission's decision that Eason was performing employment services at the time of his injury. P.A.M. argues that Eason sustained the injury while performing a personal activity-returning his cell phone to his bunk. P.A.M. further asserts that even if Eason had been studying at the time of injury, the studying was not mandatory and did not advance the interests of the employer. Lastly, P.A.M. argues that the Commission ignored the evidence that established that Eason was not studying at the time of the incident. We disagree.
In support of its argument, P.A.M. cites two cases that merit discussion. In both Trezza v. USA Truck Inc. , 2014 Ark. App. 555, 445 S.W.3d 521, and Cook v. ABF Freight Systems, Inc. , 88 Ark. App. 86, 194 S.W.3d 794 (2004), the Commission found that the employees had not sustained a compensable injury and we affirmed. In Trezza , a truck driver was "off duty" according to his log book and somehow injured his ankle on the way to the bathroom. We affirmed the Commission, explaining that the appellant was not taking a necessary bathroom break so that he could return to his work duties; instead, he was off work and not required to do anything. Trezza , 2014 Ark. App. 555, at 5, 445 S.W.3d at 524. In Cook , a truck driver was "off the clock" taking a mandated eight-hour overnight rest break when he was injured turning on his motel bathroom light. We affirmed the Commission, explaining that the performance of routine personal grooming and related tasks upon arising in the morning is not the performance of employment services for the purposes of compensability. Cook , 88 Ark. App. at 91, 194 S.W.3d at 797.
The cases cited by P.A.M., however, are distinguishable from the facts of this case. In Trezza , appellant's work day had ended, and he did not intend to perform any further job functions for thirty-four hours. There, we distinguished it from a situation where an employee was taking a necessary bathroom break so that the employee could return to his or her work duties. Here, while technically Eason and Flippo were "logged off," they did intend to perform further job functions that day of practicing backing up the truck. The case at hand is similarly distinguishable from Cook because Cook was off duty and tending to personal grooming when he was injured. Here, Eason was not on a leisure time off and tending to personal things away from the truck. Instead, Eason was required to stay nearby and was injured inside the actual P.A.M. truck, whereas in the other two cases, the employees were injured elsewhere.
Our standard of review is critical in this case, and we find reasonable minds could reach the result found by the Commission. Eason's situation is unique in that he was a trainee expected to study or practice backing up the truck, which benefited P.A.M. Further, the injury occurred within the truck during a period when Eason was not enjoying a leisure time off or free to do as he pleased.
Lastly, P.A.M. argues that the Commission's opinion ignored the testimony and evidence that Eason had been using his personal phone for Facebook just before the injury. P.A.M. asserts that when considered as a whole, the Facebook post established without a doubt that Eason was not studying just before the injury. P.A.M. proffered evidence that Eason had *312 been using Facebook until 12:09 p.m. and that the injury occurred at 12:25 p.m. As previously explained, it is within the Commission's province to reconcile conflicting evidence and determine the facts. Thus, reasonable minds could conclude that it was not necessary for the Commission to discuss this testimony in its opinion.
Accordingly, on the facts of this case, substantial evidence supports the Commission's decision and we affirm.
Affirmed.
Virden and Gladwin, JJ., agree.