2010 Ark. 328

**Carlos HONEYSUCKLE, Appellant,**

v.

**CURTIS H. STOUT, INC., Valley Forge Insurance Co., Death & Permanent Total Disability Trust Fund, and Michael S. McCarthy, Appellees.**

No. 09–1222.

Supreme Court of Arkansas.

Sept. 16, 2010.

Rehearing Denied oct. 28, 2010.

McMath Woods P.A., by: James Bruce McMath, Little Rock, for appellant.

Phillip Hicky, II, Forrest City, for appellees.

JIM GUNTER, Justice.

This is a workers' compensation case in which the main issue is whether Appellee Michael McCarthy is immune from tort liability pursuant to the exclusive-remedy statute found at Ark.Code Ann. § 11–9–105 (Repl.2002). The Workers' Compensation Commission determined that McCarthy was protected by the statutory immunity because he was Appellant Carlos Honeysuckle's employer at the time of the accident that caused his compensable injury. This case was first submitted to the court of appeals, which reversed the decision of the Commission. Appellee Michael McCarthy petitioned this court for review, which we granted. Therefore, our jurisdiction is pursuant to Rule 1–2(e) of the Arkansas Supreme Court Rules.

Honeysuckle argues on appeal that the Commission erred in finding McCarthy was immune from third-party tort liability. Honeysuckle presents three points on appeal to support his contention: (1) whether McCarthy was Honeysuckle's employer within the meaning of the statute at the time of the accident; (2) whether the statute extends immunity to a "principle, officer, director, stockholder" without regard to whether such a person is "acting within the capacity as an employer;" and (3) whether under the statute, a "principle, officer, director, stockholder" is necessarily "acting in the capacity as an employer" by virtue of the accident occurring during the course and scope of such a person's employment. Although Honeysuckle frames the issue on appeal as three separate points all involving statutory interpretation, the actual issue on appeal is whether the Commission erred in finding—as a matter of fact—that McCarthy was Honeysuckle's employer at the time of the compensable injury. Because the Commission's decision is supported by substantial evidence, we affirm.

The parties submitted stipulated facts to the Commission. Those stipulated facts are as follows. Curtis H. Stout, Inc. ("Stout, Inc."), an Arkansas corporation, sells electrical components to public utilities and private companies. It has places of business in Arkansas, Louisiana, Tennessee, and Mississippi. Stout, Inc., was founded by McCarthy's grandfather. At all relevant times, McCarthy was an employee of the company, as well as president, a member of the board of directors, and a major stockholder in Stout, Inc. Similarly, at all relevant times, Honeysuckle was an employee of Stout, Inc., in a sales position.

McCarthy was an instrument-rated pilot and duly licensed to fly a Model 114A Aero Commander aircraft, one of which he owned. At times, he used the aircraft as a means of transportation in connection with Stout, Inc., business. Prior to the accident at issue, McCarthy had carried employees of the company on several business trips. Both McCarthy and Honeysuckle were required to travel as part of their employment with Stout, Inc., and the company reimbursed each employee for his expenses related to his travel. When McCarthy used his aircraft in connection with business trips, the company reimbursed him on a cost-of-operation basis.

On December 5, 2002, Honeysuckle and McCarthy traveled from Little Rock, Arkansas, to Addison, Texas, for a business meeting. The two traveled to the Little Rock airport in McCarthy's car and boarded McCarthy's aircraft. McCarthy piloted his aircraft, and Honeysuckle was a pas-

senger. Upon arrival in Texas, they were picked up by a business associate of the company and went to the meeting. At the conclusion of the meeting, they returned to the Addison airport where they boarded McCarthy's aircraft for the return trip to Little Rock. On the return trip, the aircraft experienced a loss of engine power, and McCarthy attempted an emergency landing in Hot Springs, Arkansas. The aircraft crashed in a residential area approximately one mile southwest of the Hot Springs airport. Honeysuckle was fatally injured in the crash, and McCarthy was severely injured.

Claims were filed on behalf of both McCarthy and the Estate of Carlos Honeysuckle for workers' compensation benefits in connection with the injuries they sustained as a result of the aircraft accident. Both McCarthy and Honeysuckle's Estate collected workers' compensation benefits. Thereafter, Janan Honeysuckle, Administratrix of Honeysuckle's estate, filed a wrongful-death action in Pulaski County Circuit Court against McCarthy, the manufacturer of the aircraft, and the manufacturers of certain component parts of the aircraft. In his answer, McCarthy pled immunity under the exclusive-remedy provision of Ark.Code Ann. § 11–9–105. He filed a summary-judgment motion with the circuit court asserting lack of subject-matter jurisdiction based on that immunity, which the circuit court denied. McCarthy next filed a Petition for Writ of Prohibition with this court asking that we prohibit the circuit court from proceeding with the wrongful-death cause of action based on lack of subject-matter jurisdiction. This court granted the writ petition, holding that the Commission had exclusive, original jurisdiction to determine whether McCarthy was an employer at the time of the accident, and thus entitled to immunity, pursuant to Ark.Code Ann. § 11–9–105. *McCarthy v. Pulaski County Circuit Court*, 366 Ark. 316, 235 S.W.3d 497 (2006). The case was remanded to the Commission for such a determination.

In an opinion filed on July 15, 2008, the Commission held that McCarthy was entitled to immunity under the exclusive-remedy statute. Specifically, the Commission found that McCarthy was Honeysuckle's employer at the time of the accident, which excluded him from third-party liability.[1] Alternatively, the Commission found that even if McCarthy was not Honeysuckle's employer at the time of the accident, McCarthy would still be immune from a third-party action because he was a co-employee carrying out the duty to provide a safe workplace at the time of the acci-

---

1. There was considerable discussion before the Commission and in the briefs on appeal in this case as to whether the phrase "acting in his or her capacity as an employer" contained in § 11–9–105(a) modifies only the word "partner," or also modifies "principal, officer, director, stockholder." The Commission specifically found that because McCarthy was president, a major stockholder, and a member of the board of directors of Stout, Inc., he was considered an "employer" under the statute without regard to whether he was "acting in his capacity as an employer" at the time of the accident. In other words, the Commission interpreted the "acting in his capacity as an employer" language as only modifying the word "partner." However, the Commission noted that if required to interpret the statute differently and apply the modifying phrase to principals, officers, directors, and stockholders, as well as partners, its factual finding that McCarthy was an employer would remain the same because, at the time of the accident, McCarthy could only be acting in his capacity as employer as no other capacity was relevant for consideration under the plain language of the statute. We decline to address the Commission's various alternatives for interpreting the statute because the resulting factual finding is the same, and we hold that substantial evidence supports that finding.

dent.[2]

Our standard of review for appeals from decisions of the Commission is well established:

On appeal, this court views the evidence and all reasonable inferences therefrom in the light most favorable to the Commission's decision and affirms that decision when it is supported by substantial evidence. It is for the Commission to determine where the preponderance of the evidence lies; upon appellate review, we consider the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. There may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we had sat as the trier of fact or heard the case de novo. It is exclusively within the province of the Commission to determine the credibility and the weight to be accorded to each witness's testimony. We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission.

*Johnson v. Bonds Fertilizer, Inc.*, 375 Ark. 224, 231, 289 S.W.3d 431, 435 (2008) (quoting ∣₆*Arbaugh v. AG Processing, Inc.*, 360 Ark. 491, 493–94, 202 S.W.3d 519, 521 (2005)) (internal citations omitted).

The Workers' Compensation Act, including the exclusive-remedy provision, is made possible by Amendment 26 to the Arkansas Constitution, which amended Art. 5, § 32. That amendment provides that the Arkansas General Assembly has the power to enact legislation prescribing the amount of compensation employers are required to pay for injuries or deaths of employees. Essential in this case is the General Assembly's enactment of Arkansas Code Annotated section 11–9–105(a), which states:

(a) The rights and remedies granted to an employee subject to the provisions of this chapter, on account of injury or death, shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone otherwise entitled to recover damages from the employer, or any principal, officer, director, stockholder, or partner acting in his or her capacity as an employer, or prime contractor of the employer, on account of the injury or death, and the negligent acts of a co[-]employee shall not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this chapter, and the remedies and rights provided by this chapter shall in fact be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.

Because the exclusive-benefits provision of our compensation law favors both the employer and the employee, we take a narrow view of any attempt to seek damages beyond that favored, exclusive remedy. *Brown v. Finney*, 326 Ark. 691, 932 S.W.2d 769 (1996). Likewise, Ark.Code

---

2. Because we affirm the Commission's decision that McCarthy was Honeysuckle's employer at the time of the accident, it is unnecessary for us to discuss the merits of the Commission's alternative finding that McCarthy was a co-employee undertaking a duty to provide a safe workplace at the time of the accident.

Ann. § 11–9–410 (Repl.2002), provides that an employee's claim for compensation benefits against his or her employer does not affect the employee's right to file a tort action against a third party.

The question of whether an employer-employee relationship exists between the parties is a factual issue solely within the jurisdiction of the Commission. *See Coonrod v. Seay,* 367 Ark. 437, 241 S.W.3d 252 (2006); *see also Moses v. Hanna's Candle Co.,* 366 Ark. 233, 234 S.W.3d 872 (2006); *Stocks v. Affiliated Foods Sw., Inc.,* 363 Ark. 235, 213 S.W.3d 3 (2005).[3]

We affirm the Commission's decision that McCarthy was an employer at the time of the plane crash because substantial evidence supports that finding. The parties stipulated that both McCarthy and Honeysuckle were within the course and scope of their employment at the time of the accident. Honeysuckle's estate sought and received workers' compensation benefits for his death based on the fact that he was fatally injured in the course and scope of his employment. The parties additionally stipulated that McCarthy was president of Stout, Inc., a member of its board of directors, a major stockholder in the company, and employed as its sales manager at the time of the accident. Evidence showed that McCarthy took an active role in the management and personnel decisions of the company, as well as acted as Honeysuckle's sales supervisor, and that the company was family-owned and operated. As such, the Commission found that McCarthy was Honeysuckle's employer at the time of the plane crash within the meaning of the exclusive-remedy statute. Considering the evidence in the light most favorable to the Commission's decision, the Commission's conclusion was reasonable based on the facts submitted to the Commission. Our standard of review requires that we reverse only if substantial evidence does not support the Commission's determination. If fair-minded persons could reach the same result, our standard of review requires us to affirm. Here, substantial evidence supports the Commission's finding that McCarthy was an employer at the time of the accident.

Decision of Workers' Compensation Commission affirmed; opinion of court of appeals vacated.

---

3. Consequently, it was based on this precedent that we granted McCarthy's writ petition and directed the circuit court to remand the case to the Commission to make a factual finding regarding McCarthy's status as an employer. *See McCarthy, supra.*