Cite as 2020 Ark. App. 416

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-20-128

| | |
|---|---|
| CRAIGHEAD COUNTY AND AAC RISK MANAGEMENT SERVICES<br><br>APPELLANTS<br><br>V.<br><br>GARLAND TIPTON<br><br>APPELLEE | **Opinion Delivered:** September 23, 2020<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G901108]<br><br><br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Craighead County and AAC Risk Management Services appeal from a decision of the Arkansas Worker's Compensation Commission (the "Commission") finding that appellee Garland Tipton proved he sustained a compensable binaural hearing-loss injury and awarding benefits therefor. Appellants contend that substantial evidence does not support the Commission's decision that Tipton injured his left ear in the work-related accident or demonstrate objective medical findings of hearing loss. They also argue that the Commission's opinion improperly placed the burden of proof on appellants instead of on Tipton. We affirm the Commission's decision.

At the time of his injury, Tipton was fifty-seven years old and had worked as a deputy sheriff in Craighead County for eight years. On July 25, 2017, Tipton responded to a call from his niece, who said her husband was acting strangely and had locked himself in a shed.

After Tipton approached the shed, it exploded, and he was thrown three to four feet, resulting in injuries to his forearm and shoulder.[1]

After the explosion, Tipton also complained of loss of hearing, tinnitus, and a sensation of fullness in his right ear. At an appointment on August 15, 2017, with audiologist Amy Stein, Tipton admitted that he had suffered from intermittent tinnitus in both ears before the explosion but said that the volume had increased in his right ear. At the hearing, he testified that he had experienced ringing in his ears before the explosion, but it would occur only every three or four months, and it always went away. He had never consulted a doctor about it. He denied suffering from any hearing loss before the explosion. He also testified that he initially thought the problem was mainly in his right ear but discovered at the audiologist's office that the hearing loss in his left ear was actually worse.

Dr. Stein assessed Tipton on August 15 as having "mild to severe/profound high frequency, sensorineural hearing loss, bilaterally, with type A/As tympanograms and 88% right/80% left word recognition at elevated levels." She recommended referral to an ear, nose, and throat physician for a trial with digital hearing aids with tinnitus masker. In joint progress notes dated August 15, otolaryngologist (ENT) Bryan Lansford and APRN Heidi Cohn diagnosed Tipton with tinnitus of the right ear and ordered a CT scan of his temporal bones, which was conducted on September 5. In a report dated September 7, Dr. Lansford and Ms. Cohn diagnosed Tipton with tinnitus of the right ear, sensation of fullness in the

---

[1]He was treated for those injuries, and appellants did not controvert payment for this treatment. In addition to the issue on appeal, appellants also controverted a claim for a mental injury. The Commission found Tipton had failed to prove that he sustained a compensable mental injury, and he has not appealed from that finding.

right ear, sensorineural hearing loss of both ears, and chronic maxillary sinusitis. Dr. Stein performed a second test, an audiogram, on September 6, 2017, and set forth hearing-loss calculations based on that audiogram in a worksheet dated October 17, 2018. She assessed Tipton at 20.6 percent hearing loss in his left ear and 13.1 percent in his right, for a combined binaural hearing loss of 14.4 percent.

On July 31, 2019, an administrative law judge (ALJ) held a hearing on the disputed issues and found that Tipton had met his burden of proof with respect to a compensable acute hearing-loss injury, was entitled to reasonably necessary medical treatment in relation thereto, and was entitled to permanent anatomic-impairment benefits for binaural hearing loss in the amount of 14.4 percent. The Commission affirmed the decision of the ALJ and adopted his findings and conclusions. When the Commission affirms and adopts the ALJ's opinion, thereby making the findings and conclusions of the ALJ the Commission's findings and conclusions, we consider both the ALJ's opinion and the Commission's opinion in our review. *Emergency Ambulance Serv., Inc. v. Burnett*, 2015 Ark. App. 288, at 2, 462 S.W.3d 369, 371.

On appeal, appellants argue that the Commission's finding that Tipton suffered a binaural hearing-loss injury is not supported by substantial evidence. First, they contend that Tipton sought treatment solely for injury to his right ear and testified that he did not think he had injured his left ear. Appellants argue that the Commission ignored this testimony, arbitrarily disregarding the testimony of a witness. They claim that there is no evidence that the left-ear hearing loss is related to the work accident because Tipton failed to complain of left-ear hearing loss; thus, its decision is based on speculation and conjecture.

Second, they argue that the medical evidence presented did not comply with the requirements of the definition of objective findings for hearing loss. A compensable injury must be established by medical evidence supported by "objective findings." Ark. Code Ann. § 11-9-102(4)(D) (Supp. 2019). Objective findings cannot come under the voluntary control of the patient. Ark. Code Ann. § 11-9-102(16). The statutory definition of "objective findings" provides the following with regard to hearing loss:

> (iii)(a) Objective evidence necessary to prove physical or anatomical impairment in occupational hearing loss cases may be established by medically recognized and accepted clinical diagnostic methodologies, including, but not limited to, audiological tests that measure air and bone conduction thresholds and speech discrimination ability.

> (b) Any difference in the baseline hearing levels must be confirmed with a subsequent test within the next four (4) weeks but not before five (5) days and being adjusted for presbycusis.

Ark. Code Ann. § 11-9-102(16)(A)(iii).

Appellants argue that it "appears" that the audiological tests performed on August 15 included a tympanogram and a word-recognition test. On September 6, 2017, Tipton had an audiogram and a temporal bone CT scan. Appellants claim that the confirmatory audiological tests performed pursuant to Ark. Code Ann. § 11-9-102(16)(A)(iii)(b) must be the same as the original test and that the results from the second test must "match" the results from the first test in order to constitute confirmation of the baseline hearing levels. They also argue that the hearing levels in this case were not adjusted for presbycusis—or degenerative changes in the ear that occur in old age—which they argue the statute requires.

Finally, appellants contend that that the Commission's opinion improperly placed the burden of proof on them. Specifically, they argue that the lack of evidence

4

demonstrating proof of the above statutory requirements constituted a failure by Tipton to meet his burden of proof. *See, e.g.*, *Stephenson v. Tyson Foods, Inc.*, 70 Ark. App. 265, 269, 19 S.W.3d 36, 38 (2000) (holding the claimant has the burden of proving by a preponderance of the evidence that his claim is compensable in a workers'-compensation case).

This court views the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirms if they are supported by substantial evidence. *Pyle v. Woodfield, Inc.*, 2009 Ark. App. 251, 306 S.W.3d 455. Substantial evidence is that which a reasonable mind might find as adequate to support a conclusion. *Id*. The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; rather, it is whether there is substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact. *Burris v. L & B Moving Storage*, 83 Ark. App. 290, 123 S.W.3d 123 (2003). Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Pack v. Little Rock Convention Ctr. & Visitors Bureau*, 2013 Ark. 186, 427 S.W.3d 586. It is also within the Commission's province to weigh all the medical evidence and to determine what is most credible. *Minn. Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). We have long held that the Commission's decision to accept or reject medical opinions and how it resolves conflicting medical evidence has the force and effect of a jury verdict. *St. Edward Mercy Med. Ctr. v. Chrisman*, 2012 Ark. App. 475, 422 S.W.3d 171.

We turn now to appellants' arguments. In their second argument, appellants contend that the medical evidence does not meet the objectivity standards set forth in the statute, but in their first argument, they essentially ask us to ignore the objective medical evidence and focus instead on Tipton's subjective complaints of hearing loss in the right ear only. Although Tipton testified that he initially thought his hearing loss was only in his right ear and he reported a sensation of "fullness" in his right ear, the medical evidence demonstrated that Tipton suffered hearing loss in both ears, his subjective complaints notwithstanding. Tipton testified that while he had experienced intermittent bouts of tinnitus before the accident, he had never experienced hearing loss, and the tinnitus always "went away." Credibility and the weight to be given to witness testimony as well as the resolution of conflicting medical evidence are within the Commission's exclusive province. *Pack*, 2013 Ark. 186, 427 S.W.3d 586. Its decision finding binaural hearing loss rather than hearing loss in the right ear only is not based on speculation and conjecture but rather on objective medical evidence.

Second, the Commission's finding that Tipton suffered binaural hearing loss is supported by objective findings. The relevant statute states that objective evidence of impairment in hearing-loss cases "may be established by medically recognized and accepted clinical diagnostic methodologies, including, but not limited to, audiological tests that measure air and bone conduction thresholds and speech discrimination ability." Ark. Code Ann. § 11-9-102(16)(A)(iii). The hearing loss must then be confirmed by a second test within four weeks. *Id.* The medical evidence here included two objective hearing-loss tests performed by Dr. Stein, one on August 15 and one three weeks later on September 6. The

statute does not provide that the test to confirm the hearing loss must be identical to the original test or that the results of the two tests must be identical. Here, the two tests were consistent in revealing that Tipton had binaural hearing loss. The first measured the loss at 12 percent in the right ear and 20 percent in the left ear. The second measured the loss at 13.1 percent in the right ear and 20.6 percent in the left ear. In addition, Dr. Lansford and Ms. Cohn evaluated Tipton and conducted a CT scan of his temporal bones and diagnosed tinnitus of the right ear, sensation of fullness in the right ear, sensorineural hearing loss of both ears, and chronic maxillary sinusitis. The interpretation given to medical evidence by the Commission has the weight and force of a jury verdict, and this court is powerless to reverse the Commission's decision regarding which medical evidence it chooses to accept. *Best W. Inn & Union Ins. of Providence v. Paul*, 2014 Ark. App. 520, at 6, 443 S.W.3d 551, 555. The evidence presented complies with the relevant statute.

Finally, appellants argue that the audiology tests were not adjusted for presbycusis, which they argue the statute requires. We disagree that the statute requires adjustment in all cases. Here, the ALJ specifically considered presbycusis in his opinion, finding that there were no medical records demonstrating any pre-incident hearing loss or otherwise suggesting that Tipton's post-incident audiology tests should have been adjusted for presbycusis. Appellants point to no evidence to demonstrate otherwise and no legal authority to support their argument that the statute requires the results of audiology tests to be adjusted in all cases.

Appellants' third point on appeal is that the Commission's opinion improperly placed the burden of proof on them. Specifically, they contend that the statute requires the baseline

hearing levels to be confirmed in a subsequent test and adjusted for presbycusis. They contend that Tipton did not introduce evidence that these requirements were met; thus, he failed to carry his burden to prove a compensable injury. As we explained, we disagree with appellants' interpretation of the statute and hold that substantial evidence of binaural hearing loss caused by the explosion exists to support the Commission's decision. There was no evidence that Tipton suffered from hearing loss before the incident. Medical evidence was introduced to prove that Tipton suffered from binaural hearing loss after the incident.

We will reverse the Commission's decision only if we are convinced that fair-minded persons could not have reached the same conclusion with the same facts before them. Viewing the evidence in the light most favorable to the Commission's decision, we hold that substantial evidence supports its decision that Tipton sustained a compensable hearing-loss injury, is entitled to reasonably necessary medical treatment in relation thereto, and is entitled to permanent anatomic-impairment benefits for binaural hearing loss in the amount of 14.4 percent.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Jason M. Ryburn*, for appellants.

*Wells & Wells, PLLC*, by: *Phillip Wells*, for appellee.