Cite as 2025 Ark. App. 281

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-24-485

| | |
|---|---|
| ARKANSAS DEPARTMENT OF TRANSPORTATION; AND ARKANSAS INSURANCE DEPARTMENT, PUBLIC EMPLOYEE CLAIMS DIVISION<br>APPELLANTS/CROSS-APPELLEES<br><br>V.<br><br>RUSSELL PAYNE<br>APPELLEE/CROSS-APPELLANT | Opinion Delivered May 7, 2025<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br><br>[NO. G307065]<br><br><br>AFFIRMED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL |

**RAYMOND R. ABRAMSON, Judge**

The Arkansas Department of Transportation and the Arkansas Insurance Department, Public Employee Claims Division (ADOT), appeal the Arkansas Workers' Compensation Commission's (the Commission's) decision finding that Russell Payne is entitled to 50 percent wage-loss disability in excess of his 26 percent impairment rating. On appeal, ADOT argues that the Commission's decision is not supported by substantial evidence. Payne has cross-appealed, and he argues that the Commission's decision that he is not entitled to permanent total-disability benefits (PTD) is not supported by substantial evidence. We affirm on direct appeal and on cross-appeal.

On May 17, 2013, Payne suffered a compensable injury to his cervical spine when a truck hood fell on his head and neck. On September 24, Payne underwent surgery for a

fusion and discectomy performed by Dr. Joseph Queeney for herniated discs at C5-6 and C6-7, and on October 24, Dr. Queeney released Payne to return to work with restrictions. Payne continued to have issues with his neck.

On June 22, 2017, Dr. Larry Armstrong performed surgery on Payne's cervical spine at the C3-4 and C4-5 levels. Following that surgery, Dr. Luke Knox opined that Payne had an impairment rating of 14 percent to the body as a whole, with 10 percent of that rating attributable to Dr. Queeney's surgery and 4 percent attributable to Dr. Armstrong's second surgery.

On May 17, 2022, Dr. Armstrong performed a third surgery on Payne that consisted of a fusion from C5 to C7. On April 12, 2023, Payne underwent a functional-capacity evaluation (FCE), and the evaluation determined that Payne demonstrated the ability to work in the medium classification over the course of a normal eight-hour day.

On May 24, 2023, Dr. Knox determined that Payne had reached maximum medical improvement and concluded that the FCE should be referred to for Payne's limitations. He also noted that in addition to the restrictions in the evaluation, Payne should not perform a job requiring jarring, vibration, or the use of heavy equipment. He assigned Payne an additional impairment rating of 12 percent to the body as a whole. ADOT paid permanent partial-disability benefits for the 14 percent and 12 percent ratings.

On September 11, 2023, Payne had a vocational-rehabilitation evaluation, which indicated that Payne is capable of working in the medium classification of work. The report

2

further listed job openings compatible with Payne's skills, physical capabilities, work history, and education.

Thereafter, Payne sought wage-loss benefits over and above his impairment ratings, but ADOT refused to pay the benefits.

An administrative law judge (ALJ) held a hearing on December 4. At the hearing, Payne testified that he is fifty-five years old and that he had worked for ADOT for twenty-five years. He explained that he started working as a laborer and rose to crew leader. He testified that as a crew leader, he was responsible for recordkeeping, supervising the crew, and performing manual labor, which included operating skid steers, dozers, track hoes, pavers, rollers, and dump trucks. He noted that his previous jobs included operating a rock crusher and pit loader at a concrete company and melting aluminum in wheel manufacturing.

Payne stated that following his first two surgeries, he returned to work for ADOT as a crew leader and continued to perform regular duties that included heavy manual labor. He explained that he returned to work so that he could receive his full retirement benefits. He also noted that he had accumulated numerous vacation and sick days, and he frequently used those days to recuperate. Payne explained that he did not return to work for ADOT after his third surgery because he could not operate the heavy equipment. ADOT also indicated that it could not accommodate Payne's work restrictions. Payne testified that he is currently taking opiates because of his work-related injury and that the medications affect

his ability to concentrate, but he stated that he had been taking hydrocodone and muscle relaxers on and off since 2013.

Payne explained that during the vocational-rehabilitation evaluation, he reported that he could not physically work a forty-hour-a-week job. He denied reporting that he was not interested in employment. He also stated that he signed a form stating that he is interested in vocational rehabilitation. He noted that if he started a new job, he would likely not have any vacation or sick days. Payne also stated that following the FCE, he was in pain that evening and through the next day.

On December 19, the ALJ issued an opinion finding that Payne failed to prove that he is entitled to PTD. Instead, the ALJ concluded that Payne is entitled to 50 percent wage-loss disability.[1] On May 7, 2024, the Commission affirmed and adopted the ALJ's decision. This appeal followed.

When the Commission adopts the ALJ's opinion, the Commission makes the ALJ's findings and conclusions the findings and conclusions of the Commission. *Univ. of Ark. for Med. Scis. v. Barton*, 2022 Ark. App. 181, 644 S.W.3d 818. This court views the evidence and all reasonable inferences in the light most favorable to the Commission's findings and affirms if they are supported by substantial evidence. *Craighead Cnty. v. Tipton*, 2020 Ark. App. 416. Substantial evidence is that which a reasonable mind might find as adequate to

---

[1]The ALJ also determined that ADOT is entitled to an offset for disability retirement benefits pursuant to Arkansas Code Annotated section 11-9-411 (Repl. 2012), but that decision is not at issue on appeal.

support a conclusion. *Id.* The question is not whether the evidence would have supported findings contrary to the ones made by the Commission; rather, it is whether there is substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact. *Id.* Credibility questions and the weight to be given to witness testimony are within the Commission's exclusive province. *Id.*

On appeal, ADOT argues that the Commission's decision to award Payne 50 percent wage-loss disability is not supported by substantial evidence. It points out that the FCE concluded that Payne could perform work in the medium classification, and it argues that Payne had transferable skills. ADOT further asserts that Payne is ineligible for the benefits because he made no effort to return to work following his third surgery and declined vocational rehabilitation.[2]

On cross-appeal, Payne argues that the Commission's decision that he failed to establish entitlement to PTD is not supported by substantial evidence. He points out that his employment history has always been in manual labor and using heavy equipment, and

---

[2]In its brief, ADOT cites Arkansas Code Annotated section 11-9-505(b)(3) (Repl. 2012) for the proposition that a claimant who refuses to participate in or cooperate with a rehabilitation program or job-placement assistance is barred from receiving wage-loss benefits. However, ADOT did not raise this argument to the ALJ or the Commission, and there is no finding on this issue. To preserve an issue for appellate review, it is a party's responsibility to present the issue to the Commission and obtain a ruling. *Univ. of Ark. for Med. Scis. v. Pozner*, 2025 Ark. App. 222, ___ S.W.3d ___; *N. Hills Surgery Ctr. v. Otis*, 2021 Ark. App. 468, 638 S.W.3d 323.

he asserts that he can no longer perform that type of work. He thus argues that his "ability to earn a living has been all but eliminated by his injury."

Pursuant to Arkansas Code Annotated section 11-9-522(b)(1) (Repl. 2012), when a claimant has an impairment rating to the body as a whole, the Commission has the authority to increase the disability rating on the basis of wage-loss factors. *Redd v. Blytheville Sch. Dist. No. 5*, 2014 Ark. App. 575, 446 S.W.3d 643. The wage-loss factor is the extent to which a compensable injury has affected the claimant's ability to earn a livelihood. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark. App. 228, 201 S.W.3d 449 (2005). The Commission must determine disability after consideration of medical evidence and other factors affecting wage loss, such as the claimant's age, education, and work experience. *Redd*, 2014 Ark. App. 575, 446 S.W.3d 643. Motivation, postinjury income, credibility, demeanor, and a multitude of other factors are matters to be considered in claims for wage-loss-disability benefits in excess of permanent physical impairment. *Id.*

Pursuant to Arkansas Code Annotated section 11-9-519(e)(1) (Repl. 2012), "permanent total disability means inability, because of compensable injury or occupational disease, to earn any meaningful wages in the same or other employment." *See Cooper v. Univ. of Ark. for Med. Scis.*, 2017 Ark. App. 58, 510 S.W.3d 304. The burden of proof is on the employee to prove inability to earn any meaningful wages in the same or other employment. Ark. Code Ann. § 11-9-519(e)(2).

In this case, the Commission considered Payne's advanced age, education, work history, physical limitations, and motivation to return to work. Thus, the Commission's

findings are based on the appropriate wage-loss factors. As to ADOT's argument that Payne refused vocational training, Payne testified that he is interested in employment, but he thought he could not work a forty-hour-a-week job. The Commission also found that due to a miscommunication, Payne did not apply for specific jobs that were within his physical limitations and skill level. As to Payne's argument that his ability to earn a living has been eliminated, there was evidence that he could perform work in the medium classification.

On appeal, the parties essentially request that we reweigh the evidence and credibility findings made by the Commission; however, we will not do so because it is the Commission's duty to make credibility determinations and to weigh the evidence. *Pozner*, 2025 Ark. App. 222, ___ S.W.3d ___. Considering the fact-intensive nature of this inquiry, we hold that reasonable minds could conclude that Payne is entitled to 50 percent wage-loss-disability benefits. *Hot Springs Convention Ctr. v. Phelps*, 2021 Ark. App. 83; *R.C. Landscaping v. Jones*, 2010 Ark. App. 304, 374 S.W.3d 761. We further hold that reasonable minds could conclude that Payne is not entitled to PTD. *R.C. Landscaping*, 2010 Ark. App. 304, 374 S.W.3d 761. Accordingly, we find no error by the Commission, and we affirm on direct appeal and on cross-appeal.

Affirmed on direct appeal; affirmed on cross-appeal.

KLAPPENBACH, C.J., and MURPHY, J., agree.

*Charles H. McLemore, Jr.*, for separate appellant/cross-appellee Public Employee Claims Division.

*Walker Law Group, PLC*, by: *Eddie H. Walker, Jr.*, for appellee/cross-appellant.